Order of the County Court, Kings County, granting application . of defendant in a proceeding for a writ of error coram nobis and setting aside a judgment of conviction and plea of guilty, reversed on the law and the facts, the motion denied and the petition dismissed. In May, 1924, defendant was charged in each of two separate indictments with the commission of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree. On his plea of guilty to one indictment, he was sentenced to not less than ten or more than twenty years. The other indictment, to which he pleaded not guilty, was dismissed in 1930. In this proceeding, instituted more than twenty-five years after sentence, defendant claims that he was not advised of his right to counsel. There is no proof which warrants the conclusion that the presumption of regularity attending the judgment of conviction (People v. Barber, 276 App. Div. 1040.; People v. Bichetti, 276 App. Div. 1091) has been rebutted. That presumption is buttressed by the facts (1) that a contemporaneous probation report on defendant sets forth the name of an attorney and (2) that the Judge who sentenced defendant and before whom he was arraigned, in answering letters of defendant advised him that the records showed that he had been represented by a named attorney who “ pleaded you guilty on one indictment and not guilty. on the other.” The Judge, the clerk of the part of the court, and the named attorney now aré dead. Stenographic minutes are no longer available. The defendant refrained from- instituting this proceeding until these deaths occurred, although he had knowledge of his right to do so prior to their occurrence. The testimony of defendant has no probative value. His claim that he was not guilty of the crime to which he pleaded guilty is belied by his own written admissions in 1929 and 1930. He testified that he had first learned of his right to counsel in 1948 whereas he asserted such right, in writing, in 1943 and again in 1945. In 1947, upon another indictment, defendant sought to be committed because of insanity. He denied that he had ever heard of the named attorney, although admitting receipt of the letter in 1945 in which he was advised that that attorney had represented him. Nor is the fact significant that neither “Yes” nor “No” were checked or eliminated under a heading on the reverse side of the indictment having to do with “ Counsel Assigned.” That failure is, if; anything, an indication that defendant was represented by counsel and that there was no occasion even to inquire if he was desirous of counsel. A recital in the record that *888 defendant personally appeared at arraignment is an indication only that the requirement set forth in section 297 of the Code of Criminal Procedure was complied with. Failure to find a notice of appearance in the record in itself is of no value. Such notice was not a prerequisite to representation and the fact of appearance may well have been contained in minutes no longer available. Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ., concur. [197 Mise. 61.]